Re Harry Gene LAWRENCE, Debtor.

Harry Gene LAWRENCE, Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.

Adv. No. 81–332.
LR 80–28.

United States Bankruptcy Court,
E. D. Arkansas, W. D.

August 24, 1981.

Jack Sims, Little Rock, Ark., for debtor.

Sherry P. Bartley, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

A. L. Tenney, Trustee, Little Rock, Ark., for Trustee.

## JUDGMENT

CHARLES W. BAKER, Bankruptcy Judge.

This Chapter 13 petition was filed January 9, 1980, in the United States Bankruptcy Court for the Eastern District of Arkansas, Western Division. The plan was confirmed, without objection, by an order dated January 5, 1981.

The Internal Revenue Service filed its proof of claim on June 13, 1980, alleging indebtedness for the 1976 tax year of $3,043.00 tax, $523.51 pre-petition interest, $177.17 post-petition interest and $106.51 post-petition penalty for a total of $3,850.14 due.

On May 20, 1981, the debtor filed complaint requesting that the Court order the IRS to turn over to the debtor $3,764.98 in tax over-payments by the debtor in tax years 1979 and 1980.

On June 5, 1981, the Court ordered that A. L. Tenney, Trustee, be allowed to intervene as a party plaintiff.

On June 17, 1981, the IRS filed an amended proof of claim waiving post-petition interest and penalty and claiming $3,043.00 tax due and $523.51 pre-petition interest for a total indebtedness of $3,566.51.

The defendant's answer of June 16, 1981, generally denying the allegations of the debtor's complaint and asserting its right to set off overpayments by the plaintiff from 1979 and 1980 against taxes due and owing it from the plaintiff for the 1976 tax year was supplemented by an amended answer and counterclaim filed June 29, 1981. The counterclaim asserted the counterclaimant's right to retention of the overpayments and set-off and further requested that the complaint be dismissed and the automatic stay be relaxed to allow set-off. The debtor's reply was filed July 2, 1981.

A hearing was held June 19, 1981, Room 445 United States Courthouse, Little Rock, Arkansas. After hearing, the IRS was directed to file its brief no later than July 10, 1981. The debtor was given until July 24, 1981, to file his brief and the defendant was given until July 31, 1981, to reply. All parties have complied with the Court's order.

In the briefs, all parties agreed with the defendant's statement of the facts in the case which read:

"Assessments for federal income taxes for the year 1976 were made against the plaintiff herein on December 31, 1979 in the amounts of $3,043. in tax and $519.04 in interest. On the same day notice of the assessments was given to and demand for payment thereof was made upon the plaintiff. The plaintiff has since then refused and neglected to pay the assessments, and there is presently due and owing on the above assessments a total principal balance of $3,562.04, plus interest and statutory additions thereon from the date of the assessments.

"During the year 1979 income taxes were withheld from the wages of the plaintiff in the total amount of $2,321. Plaintiff timely filed an income tax return for the year 1979 which showed tax due in the amount of $208. Withheld taxes in that amount were applied in satisfaction of the 1979 tax, and the balance of the withheld taxes in the amount of $2,113. was retained by the Internal Revenue Service.

"During the year 1980 income taxes were withheld from the plaintiff's wages in the total amount of $3,259. Plaintiff timely filed an income tax return for the year 1980 which showed tax due in the amount of $450.00. Withheld taxes in that amount were applied in satisfaction of the 1980 tax, and the plaintiff was issued a refund in the amount of $1,157.02. The balance of the withheld taxes in the amount of $1,651.98 was retained by the Internal Revenue Service. Thus, the defendant is presently holding the sum of $3,764.98 which was withheld from the plaintiff in 1979 and 1980.

"The plaintiff filed a Chapter 13 petition on January 9, 1980. The Internal Revenue Service filed a proof of claim in the amount of $3,566.51 which represents the unpaid balance of the assessment for 1976 plus interest from the date of the assessment to the date of the petition. The original proof of claim also lists penalties and interest accruing on the principal amount after the petition date. No objection was made to the proof of claim except with regard to post-petition interest and penalties".

The question before the Court is whether the Internal Revenue Service can retain overpayments made by the debtor and set-off pre-petition tax assessments against post-petition overpayments.

With certain enumerated exceptions, the Bankruptcy Reform Act of 1978: "* * * does not affect any right of a creditor to

offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. * * * "  11 U.S.C. § 553(a).

It has long been settled that the right of set-off in bankruptcy is " * * * measured as of the time when the bankruptcy petition is filed * * * " and that to entitle a creditor to exercise set-off, there must be debts owed and owing between the creditor and the debtor at the time of the filing of the petition. *McDaniel National Bank v. Bridwell*, 74 F.2d 331, 332 (8th Cir. 1934). It is clear that the funds withheld from money earned and for taxes incurred after the filing of the petition are not in mutuality with pre-petition tax claims as would allow the exercise of set-off.

It has long been the rule that the right of set-off exists if the debt is absolutely owing at the time of the filing of the petition even though not due or liquidated. *4 Collier on Bankruptcy*, § 68.10(2)(14th Ed. 1978). The debtor's tax liability for the 1979 tax year was marginably owing at the time of the filing of the petition even though unliquidated. There existed, therefor, as of the date of the filing of the petition, debts owing from the debtor to the government, his 1976 and 1979 taxes, and debts owed the debtor by the government, his 1976 overpayments. The debts may properly be off-set. 11 U.S.C. § 553(a).

Whether the government is a custodian under 11 U.S.C. § 543 or "an entity in possession, custody or control * * * of property" under 11 U.S.C. § 542, it "shall deliver" property in its possession to the trustee. 11 U.S.C. § 542(a), 11 U.S.C. § 543(b)(1). Accordingly, judgment should be entered against the defendant in the amount of $1,651.98 plus interest as determined under 26 U.S.C. § 6621, from the date of the payment of the overpayment.