In re Homer W. HANDY, Jr., Debtor.

Herman F. BLAKE, Sr., Plaintiff,

v.

Homer W. HANDY, Jr., Defendant.

Bankruptcy No. 82–01067–R.
Adv. No. 84–0077–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 12, 1984.

Robert S. Ganey, Hanover, Va., for plaintiff.

Robert E. Kane, Jr., Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing by the plaintiff, Herman F. Blake, Sr., of a complaint for setoff and for an injunction against the defendant, Homer W. Handy, Jr., from collecting his judgment. The parties submitted the matter to the Court on briefs and after consideration thereof, this Court makes the following findings of fact and conclusions of law.

## STATEMENT OF FACTS

On May 26, 1982, the plaintiff, Herman F. Blake, Sr. (Blake) obtained a judgment in the Circuit Court of the City of Richmond, Virginia against the defendant, Homer W. Handy, Jr. (Handy), for $14,266.30 on a note signed by Handy and payable to Blake. Also, on May 26, 1982 Blake obtained a judgment against Handy for $1,276.61 on a second note signed by Handy and payable to Blake. In the same action Handy recovered a judgment of $6,300.00 based on work performed for Blake prior to the time Handy was discharged from employment by Blake.

On July 1, 1982 Handy filed for relief pursuant to Chapter 7 of the Bankruptcy Code. After Handy filed his bankruptcy petition Blake instituted an adversary proceeding in this Court alleging that obligations owed to him were nondischargeable pursuant to 11 U.S.C. § 523 (a)(2). On December 19, 1983 this Court, 35 B.R. 912, determined the judgments recovered by Blake against Handy were discharged in bankruptcy.[1]

Prior to bankruptcy Handy had docketed the judgment he obtained against Blake in Hanover County, Virginia, thereby creating a judgment lien on any real property owned by Blake in Hanover County. Said judgment lien now impairs Blake's ability to dispose of the real property owned by him in Hanover County. Consequently, Blake filed the complaint at issue here to determine that the judgment recovered by Handy, which has been docketed in Hanover County, should be offset against Blake's larger judgment obtained in the same proceeding on May 26, 1982, which, however, has now been discharged in bankruptcy.

## CONCLUSIONS OF LAW

Pursuant to § 553 of the Bankruptcy Code, creditors have certain rights to offset obligations owed by them to the debtor against obligations owed to them by the debtor that arose before the commencement of the case. Specifically, 11 U.S.C. § 553 provides as follows:

Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition:

(B) while the debtor was insolvent: and

(C) for the purpose of obtaining a right of setoff against the debtor.

Setoff will be denied where the debt was incurred for the purpose of obtaining the right of setoff or where the claim was acquired (other than from the bankrupt) during the 90 days preceding the case while the debtor was insolvent. Conversely, the Code recognizes the potential injustice in compelling a creditor who files a claim to accept, in the vast majority of cases, no distribution, and in those cases

---

1. The dischargeability or nondischargeability of Handy's obligation to Blake is not relevant to the Court's determination herein because if Handy's bankruptcy estate had assets, nondischargeable debts may participate in distributions. Therefore, if assets had been available to the trustee for distribution to creditors he could have offset the estate's (formerly Handy's) obligation of $15,542.91 to Blake by the $6,300.00 owed the estate by Blake and, therefore, treated Blake's claim (if filed) as $9,242.91 for distribution purposes.

where dividends are paid, less than full payment on its claim while at the same time being required to pay fully its obligation to the estate. *Colliers on Bankruptcy* ¶ 553.02 at 553–10 (15th ed. 1983). In permitting setoff, however, the Code has hedged the privilege with certain stated qualifications so as to prevent abuse. *See* 11 U.S.C. § 553(a)(1), (2), & (3).

Assuming that none of the exceptions apply in the instant matter, there appears to be no reason why setoff should not be granted in this matter. Neither the Code nor the Rules of Bankruptcy Procedure provide a timetable by which setoff must be accomplished. Thus, there appears to be nothing precluding a setoff after a case has been closed. Moreover, as a court of equity, this Court may prevent the injustice that would result to the plaintiff in this matter if setoff was not permitted. Not only would it be unfair for the debtor, Handy, now to enforce its judgment against Blake while Blake's larger judgment has been discharged in bankruptcy, but also if Handy did have an obligation that was immune from setoff then that cause of action against Blake would be property of the debtor's estate and should have been exercised by the trustee for the benefit of all creditors.[2]

■ The debt owed to Handy by Blake is based upon an action for *quantum meruit* which was brought in the Circuit Court for the City of Richmond, Virginia. Judgment on that action was obtained on May 26, 1982. Handy's obligations to Blake were based on promissory notes made by Handy to Blake. Blake similarly obtained judgments on May 26, 1982. In that the obligations owed to each other may be collected by each other in their own right against the other in their individual capacities, mutuality exists in the present matter. *See In re Virginia Block Co.*, 5 C.B.C.2d 317 (Bkrtcy.W.D.Va.1981). Having found that the parties had mutual debts, the Court may now consider if any exception exists to preclude the requested setoff.

Handy has argued that Blake may not obtain setoff in this matter because an exception to the general setoff provisions of § 553 applies in the instant matter. Specifically, Handy argues that § 553(a)(3) prevents the plaintiff from exercising setoff. Section 553(a)(3) is an exception to the setoff provisions provided Handy can demonstrate that the debt owed him by Blake was incurred by Blake 1) after 90 days before the date of filing of the petition; 2) was incurred by the plaintiff while the debtor was insolvent; and 3) was incurred by the plaintiff for the purpose of obtaining a right of setoff against the debtor. *See* 11 U.S.C. § 553(a)(3). Handy must establish each and every requirement of 11 U.S.C. § 553(a)(3) to fall within the exception.

The work done by Handy for Blake that served as a basis for Handy's *quantum meruit* action was performed in 1978. Thus, the obligation apparently was incurred well before the 90 day period prior to filing bankruptcy, however, judgment on that obligation was taken by Handy within the 90 day period. Because other adequate reasons (that will become apparent) exist to deny Handy's argument that § 553(a)(3) applies, the Court need not determine whether entry of judgment within the 90 day period on an obligation incurred outside of that period makes the obligation "a debt owed to the debtor by such creditor incurred after 90 days before the date of filing the petition" for purposes of § 553(a)(3).

The second aspect of the exception of § 553(a)(3) is that the debt was incurred while the debtor was insolvent. If the debt was incurred within the 90 days before the date of filing the Bankruptcy Code creates a presumption that the debtor was insolvent. *See* 11 U.S.C. § 553(c). If it could be presumed that the obligation arose within

---

**2.** Apparently, the imminent reasonableness that a setoff was appropriate here was recognized by the trustee in not pursuing the debtor's claim against Blake. Absent a valid claim of exemption by the debtor in the judgment owed to him by Blake the trustee would have no reasons not to pursue the claim except for the setoff (the schedules reveal that the debtor did not claim the judgment exempt).

the 90 day period prior to filing then it would be necessary for Blake to rebut this presumption if Handy satisfies § 553(a)(3)(C).

Finally, the third aspect that Handy must establish to except the instant matter from the general setoff provisions of 11 U.S.C. § 553 is that the debt owed to him by Blake was incurred for the purpose of obtaining a right of setoff against the debtor. With regard to this requirement Handy has offered no evidence that Blake incurred a debt to him for purposes of obtaining a right of setoff. In fact, the obligation that now serves as a basis of a setoff was incurred almost four years prior to the filing of bankruptcy and it was only the taking of judgment upon that obligation that incurred within the 90 day period. With these facts in mind this court finds that Blake did not incur an obligation to Handy for the purpose of obtaining a right of setoff against the debtor. Having failed to establish, at a minimum, that Blake did not incur the obligation sought to be offset in this action for the purposes of obtaining a setoff of a debt owed to Handy, the exception to the § 553 offset provision is unavailable to Handy in the instant matter.

■ Handy also argues that Blake's right to setoff has been waived by him and, therefore, this Court should deny Blake's request. The basis of the debtor's argument that the setoff right has been waived is that undue time has passed without any assertion of the right to setoff by Blake. This Court does not find any evidence of inequitable·conduct or unreasonable delay by Blake that would serve to equitably estop him at this time from seeking setoff. Shortly after the parties obtained judgment against one another (May 26, 1982) Handy filed for bankruptcy in this Court. The automatic stay at that time and until discharge prevented Blake from seeking setoff in the state court. Blake could have sought relief from the stay to obtain setoff, however, he had no reason to believe that setoff could not be accomplished in the bankruptcy court. Moreover, had the trustee in bankruptcy sought recovery of the amount due, Blake could have exercised the privilege of offset at that time.

It appears that the major cause of this matter not having been resolved at an earlier time was that a no-asset notice telling creditors *not* to file proofs of claim was sent to Blake. Had Blake filed a claim, setoff could have occurred in liquidation of the debtor's estate. This estate, however, was closed without liquidation of any assets from which creditors could be paid. The plaintiff's inability to dispose of real estate free and clear of Handy's judgment lien precipitated the filing of the complaint under consideration herein.

These facts lead this Court to find that the plaintiff has not waived his right to setoff. Moreover, the trustee filed a no-asset report in this matter apparently recognizing that the debtor's judgment against the plaintiff would be offset by the plaintiff's larger judgment against the debtor. This assumption is reasonable because absent such a setoff the trustee would have had a right to the obligation owed by the plaintiff to the debtor which he could distribute to creditors of the estate. (*See also* footnote 2 *supra*). In addition, Blake's argument in his brief that Handy's waiver/estoppel defense is not timely is well taken because Handy failed to plead such a defense in his answer to Blake's complaint. Fed.R.Civ.Proc. 12(b).

Therefore, pursuant to 11 U.S.C. § 553 and the Court's inherent equitable powers, this Court is of the opinion that the plaintiff's complaint for relief should be granted and that the defendant should be enjoined from enforcing the judgment that is hereby determined to be setoff by the plaintiff's prior larger (although now discharged) judgments.

An appropriate Order will issue.