**Joseph Brunner POSEY, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the TREASURY—INTERNAL REVENUE SERVICE, Defendant.**

**No. 91–CV–404S.**

United States District Court, W.D. New York.

June 25, 1993.

Joseph W. Rotella, UAW–GM Legal Services Plan, Cheektowaga, NY, for plaintiff.

Eugene Rossi, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

Now before this Court is an appeal by Joseph Brunner Posey ("Posey"), plaintiff below, from an order of the Bankruptcy Court for the Western District of New York, Hon. John W. Creahan, finding that,

pursuant to 11 U.S.C. § 553, the United States Department of the Treasury—Internal Revenue Service ("United States") properly set off appellant's 1988 tax overpayment against his 1984 income tax liability.

For the reasons set forth herein, the decision of the Bankruptcy Court is affirmed.

Jurisdiction is based upon 28 U.S.C. § 158(a).

In support of his appeal, appellant submits the Debtor's Chapter 7 Voluntary Petition, filed September 11, 1989 ("Petition"), the Discharge Order discharging all the debtor's dischargeable debts, filed December 14, 1989 ("Discharge Order"), the Complaint Requesting Money Judgment for Violation of 11 U.S.C. § 362, filed August 3, 1990 ("§ 362 Complaint"), a Notice and Motion for Summary Judgment, filed March 25, 1991 ("Pl. Motion"), an Affidavit in Support of Motion for Summary Judgment, filed March 25, 1991 ("Pl. Affidavit"), a Brief, filed March 25, 1991 ("Pl. Brief"), the Order granting Summary Judgment to the Appellee, filed May 8, 1991 ("Final Order"), Notice of Entry of Judgment, filed May 10, 1991 ("Final Judgment"), Plaintiff's Notice of Appeal, filed May 20, 1991 ("App. Notice"), Plaintiff's Amended Notice of Appeal, filed May 23, 1991 ("App. Amend Notice"), Appellant's Record on Appeal and Statement of Issues, filed May 26, 1991 ("App. Index"), Transcript of In Chambers Conference before the Honorable John W. Creahan, United States Bankruptcy Judge filed June 11, 1991 ("Transcript"), Appellant's Brief, filed July 3, 1991 ("App. Brief"), and Appellant's letter regarding sovereign immunity following oral argument, dated September 25, 1 991 ("App. Letter").

In opposition appellee submits the United States' Answer, filed October 4, 1990, ("Answer"), Defendant's Notice of Motion for Summary Judgment, filed March 1, 1991 ("Def. Motion"), the United States' Memorandum in Support of Motion to Dismiss and/or for Summary Judgment, filed March 1, 1991 ("Def. Memo"), the United States' Designation of Additional Items for Record on Appeal and Additional Issues on Appeal, filed June 6, 1991, ("App. Add. Items"), and the United States' Reply to Brief on Appeal, filed July 19, 1991 ("App. Reply").

Oral Argument was heard by this Court on September 16, 1991.

## BACKGROUND

On September 11, 1989, Posey filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* The petition listed debts to 17 creditors including a priority debt of $2,428.43 to the United States and an anticipated tax refund in an unspecified amount for the years 1988 and 1989, which debtor claimed as exempt.[1] On December 18, 1989, the bankruptcy court entered a Discharge Order.

In January of 1990, Posey filed his 1988 and 1989 income tax returns claiming a refund of $1,820.00 and $422.00, respectively. The United States, through its agency the IRS, retained Posey's overpayment pursuant to 11 U.S.C. § 553 as a setoff to his 1984 tax debt, but issued a refund for the 1989 income tax return.

On August 3, 1990, Posey filed a complaint claiming that the United States had violated the automatic stay provision of 11 U.S.C. § 362 and thus improperly withheld his 1988 tax overpayment. (Pl. brief at 5). The United States filed a motion to dismiss, maintaining that it was not a suable entity and it had not waived sovereign immunity to be sued. In any event, the United States contended that it properly withheld the 1988 tax overpayment as a setoff to the 1984 tax liability.

Judge Creahan determined that the United States correctly withheld Posey's 1988 tax overpayment pursuant to 11 U.S.C. § 553 and such withholding did not violate

---

**1.** 11 U.S.C. § 522(b) allows the debtor to exempt certain property of the estate under the laws of the state of his domicile or under the federal exemptions of § 522(d). In the case at hand, appellant elected to exempt property under the New York State Debtor and Creditor Law § 283(2).

the automatic stay provision of 11 U.S.C. § 362 because once a discharge is entered in a bankruptcy proceeding, the stay is gone and there can be no violation of the stay. Having so concluded, the bankruptcy court determined that it need not discuss whether or not the United States had waived its sovereign immunity and thus was a suable entity. Summary judgment was entered in favor of the United States and Posey appealed.

## DISCUSSION

Pursuant to 28 U.S.C. § 158, jurisdiction is conferred upon the district courts to hear appeals from decisions of the bankruptcy courts. 28 U.S.C. § 158(a) provides in pertinent part:

> the district court of the United States shall have jurisdiction to hear appeals from final judgments, orders [or] decrees ... of bankruptcy judges entered in cases and proceedings....

On appeal, the district court must review the bankruptcy court's findings of fact under a clearly erroneous standard and its conclusions of law *de novo*. 11 U.S.C. § 8013; *see also, In re Sanshoe Worldwide Corp.*, 139 B.R. 585, 590 (Bankr. S.D.N.Y.1992), *aff'd*, 993 F.2d 300 (2d Cir. 1993) (citing *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2d Cir.1987); *In re O.P.M. Leasing Serv. Inc.*, 79 B.R. 161, 162 (Bankr. S.D.N.Y.1987)).

The parties in this case do not dispute the material facts. Moreover, a review of the record indicates that the facts as articulated by Judge Creahan are not clearly erroneous, and thus, deference must be given to his findings of fact. *Id.*

Further, this Court finds that Judge Creahan's final decision granting summary judgment to United States is correct and thus affirms the decision.

The relevant issues on this appeal are: (I) whether the United States has a valid right to setoff appellant's 1988 tax overpayment, claimed as exempt property, against a discharged 1984 tax liability; (II) whether the United States Department of

the Treasury, or the Internal Revenue Service are suable entities; (III) whether the United States has waived its sovereign immunity under 11 U.S.C. § 106. Each of these issues will be discussed seriatim.

## I. WHETHER THE UNITED STATES HAS A VALID RIGHT TO SETOFF APPELLANT'S 1988 TAX OVERPAYMENT, CLAIMED AS EXEMPT, AGAINST A DISCHARGED 1984 TAX LIABILITY.

The right to setoff in general has not been disputed. However, this Court will discuss setoff as it necessarily relates to the analysis of setoff against debts discharged in bankruptcy court and setoff against property claimed as exempt.

Although "setoff has the effect of paying one creditor more than another, ... setoffs are accepted and approved because they are based upon long-recognized rights of mutual debtors." *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1165 (2d Cir.1979). The right to setoff exists if the debt is owing absolutely at the time the petition is filed. *In re Lawrence*, 19 B.R. 627, 629 (Bankr.E.D.Ark.1981).

The elements necessary to establish the propriety of setoff under 11 U.S.C. § 553 are:

> 1. a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case;
>
> 2. a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case; and
>
> 3. the debt and claim must be mutual or reciprocal obligations.

*In re Fulghum Const. Corp.*, 23 B.R. 147, 151 (Bankr.M.D.Tenn.1982).

While jurisdictions differ on the appropriateness of setoff as an equitable remedy, they do agree that such remedy is subject to the discretionary judgment of the courts. *See In re Davies*, 27 B.R. 898, 901 (Bankr.E.D.N.Y.1983) ("the Second Circuit favors setoffs in bankruptcy matters [but they] are not automatic and will not be permitted if they violate the purpose of the

code"); *In re Pieri*, 86 B.R. 208, 210 (9th Cir. BAP 1988) ("[A] creditor's right to setoff is not absolute but may be restricted by judicial limitations imposed to uphold a state policy of protecting the rights of the debtor").

■ "Allowance or disallowance of a setoff is a decision which ultimately rests in the sound discretion of the bankruptcy court." *Bohack Corp.*, 599 F.2d at 1165. Moreover, setoffs should be allowed unless, after due reflection, the setoff would violate the provisions and purposes of the Bankruptcy Code. *Id.* Therefore, although setoff is a preferred remedy in the Second Circuit, it must be used permissively rather than mandatorily.

■ It is undisputed that both the 1988 income tax refund and the 1984 income tax liability arose prior to the commencement of the bankruptcy case and the debts were mutual obligations. (App. Brief at 12; App. Reply at 8). Upon the fulfillment of the prerequisites of setoff, the determination to grant or deny setoff rests in the sound discretion of the court, considering, of course the purpose of the Bankruptcy Code. As discussed fully in the sections that follow, this Court concludes the bankruptcy court below was correct in determining that: (1) discharge of the 1984 tax liability did not affect the setoff right of the United States; and (2) a debtor's claim to exempt a tax refund from liability of debts did not defeat the setoff right of the United States.

### A. Setoff Against Debt that has been Discharged in Bankruptcy.

■ Appellant argues that although 26 U.S.C. § 6402 allows the government to credit a refund or an overpayment made by a taxpayer against a tax liability owing, his tax liability from 1984 was discharged along with his other debts and therefore, there was no tax liability owing which could be setoff by appellee. (App. Brief at 16). Thus, appellee was barred from asserting a right to setoff against such discharged debt. (App. Brief at 16). Appellant cites no authority other than the Dis-

charge Order itself to support his position. (App. Brief at 16).

Appellee argues that it has a valid right to setoff a taxpayer's overpayment against any of his outstanding tax liabilities pursuant to 26 U.S.C. § 6402(a) and a discharge in bankruptcy court has no affect on that right. In support, appellee cites *In re Eggemeyer*, 75 B.R. 20 (Bankr.S.D.Ill.1987); *In re Conti*, 50 B.R. 142 (Bankr.E.D.Va. 1985) and *In re Handy*, 41 B.R. 172 (Bankr. E.D.Va.1984). (App. Reply at 7).

In *Eggemeyer*, 75 B.R. 20, 21 (Bankr. S.D.Ill.1987), a Chapter 7 debtor filed an action to compel the IRS to pay his 1985 federal income tax refund. The court stated that "the discharge of a debt in a bankruptcy proceeding does not affect the creditor's right to setoff, provided that the right to setoff existed at the time the bankruptcy petition was filed." *Eggemeyer*, 75 B.R. at 22 (citing *In re Conti*, 50 B.R. 142 (Bankr. E.D.Va.1985); *In re Handy*, 41 B.R. 172, 174 (Bankr.E.D.Va.1984)).

It is undisputed that the debts in this case are mutual pre-petition debts because both debts arose prior to the filing of the bankruptcy petition. (App. Brief at 12; App. Reply at 8). This Court finds no authority which holds in accordance with appellant's argument that once a discharge is entered in a case setoff is thereafter barred but does find authority to the contrary, as articulated above.

Thus, it was proper for the bankruptcy judge to allow setoff against discharged income tax liability.

### B. Setoff Against Property that has been Claimed as Exempt.

■ Appellant argues that because his overpayment of income taxes for 1988 was listed as exempt personal property on his Chapter 7 bankruptcy petition, it cannot be subject to setoff and appellee was thereafter barred from the use of setoff against this exempt property. (App. Brief at 12). Appellant acknowledges that his right to claim property as exempt under 11 U.S.C. § 522 is in conflict with certain creditor's rights to setoff under 11 U.S.C. § 553, but

nevertheless argues that a claim of exemption is absolute and the property is forever protected from a creditor's claim. (App. Brief at 12).

Appellee argues it has a valid right to setoff because claiming property as exempt is not an exception found in § 553(a). Thus, as there are no other exceptions to the setoff statute, setoff may be executed against exempted property. Appellee cites the language of 11 U.S.C. § 553 in support of its argument. (App. Reply at 9).

Section 553 Setoff provides in relevant part:

"(a) except as otherwise provided in this section and in sections 362 and 363 of this title, *this title does not affect any right of a creditor to offset a mutual debt* owing by such creditor to the debtor *that arose before the commencement of the case* under this title against a claim of such creditor against the debtor, that arose before the commencement of the case...."

11 U.S.C. § 553 (emphasis added).

Section 522(c) Exemption provides in relevant part:

"Unless the case is dismissed, *property exempted under this section is not liable during or after the case for any debt of the debtor that arose*, or that is determined under section 502 of this title as if such debt had arisen, *before the commencement of the case*...."

11 U.S.C. § 522(c) (emphasis added).

Many bankruptcy courts have interpreted the conflict between § 522(c) and § 553(a) to mean that a creditor's right to setoff may not be exercised against exempt property. *In re Monteith,* 23 B.R. 601, 604 (Bankr.N.D.Ohio 1982); *In re Davies,* 27 B.R. 898 (Bankr.E.D.N.Y.1983); *In re Haffner,* 12 B.R. 371, 372 (Bankr.M.D.Tenn. 1981).

However, in *Eggemeyer,* 75 B.R. at 22, a case factually similar to the case at hand, the court held that a debtor's claim of exemption did not defeat the government's right to setoff. *See also, In re Runnels,* 134 B.R. 562 (Bankr.E.D.Tex.1991). The *Eggemeyer* debtor claimed his federal income tax refund as exempt, however, the IRS retained this overpayment as a setoff against a previously discharged tax liability. *Id.* at 21. The debtor filed an action to recover his federal income tax refund arguing the United States must turnover the overpayment pursuant to 11 U.S.C. § 542(a), which provides that an entity in possession of property which is claimed as exempt must turn that property over to the trustee in bankruptcy, unless the property is of inconsequential value. *Id.* at 22.

The *Eggemeyer* court approached the analysis of the conflicting code provisions by relying on the statutory language of 11 U.S.C. § 542(b). *Eggemeyer,* 75 B.R. at 22. Section 542(b) enables a creditor with a valid right of setoff to retain exempt property instead of turning it over to the bankruptcy trustee. 11 U.S.C. § 542(b). Since § 542(b) permits a creditor with a valid setoff right to retain property claimed as exempt by debtor during the bankruptcy proceeding, it necessarily follows that when the proceeding is over, a creditor with a setoff right also may retain property claimed as exempt pursuant to § 553. Accordingly, the court held that the debtor's claim of exemption did not defeat the creditor's right to setoff after a discharge is entered in a bankruptcy proceeding. *Id.*

Although not binding, this Court finds the reasoning of the *Eggemeyer* Court to be sound and persuasive. While the purpose of the exemption provision is to allow a debtor to reserve property for a fresh start after bankruptcy, in actuality, § 542(b) breaches this purpose because it allows the creditor with a valid setoff right to retain the property claimed as exempt before the bankruptcy proceeding is over. Therefore, if a creditor's setoff right is not defeated by the debtor's claim of exempt property pursuant to § 542(b) when the bankruptcy proceeding is still continuing, then setoff of exempt property is permissible pursuant to the language of § 553(a) after the bankruptcy proceeding is over. While a discharge of debt does occur when the bankruptcy proceeding is over, as previously determined by *Eggemeyer,* the dis-

charge of a debt does not affect the creditor's right to setoff.

Based on the foregoing, this Court holds that the tax refund claimed as exempt does not affect the right of the United States, acting through its agency the IRS, to setoff a mutual debt pursuant to 11 U.S.C. § 553. By concluding that the tax refund can be setoff by appellee, this Court affirms the decision of the bankruptcy court.

## II. WHETHER THE UNITED STATES DEPARTMENT OF THE TREASURY OR THE INTERNAL REVENUE SERVICE ARE SUABLE ENTITIES.

■ Although the bankruptcy court determined that a discussion of sovereign immunity was unnecessary in resolving this case, this Court believes that such a discussion is necessary for a thorough examination of the arguments presented by the parties.

Appellant argues that the IRS is a suable entity because the bankruptcy reporter is filled with cases in which the IRS was named as a party. (App. Brief at 9). In support, appellant maintains that the IRS brought suit in *In re Nordic Village, Inc.*, 915 F.2d 1049 (6th Cir.1990), *rev'd* — U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), and thus if the IRS is permitted to bring suit the converse must also be true, that is, suit against the IRS is proper.

Further, appellant argues that a suable entity has been named as a defendant in this case whether it be the United States, the Department of the Treasury, or the IRS. Appellant contends that *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963), which states that a suit is against a sovereign "if the judgment would expend itself on the public treasury ...," stands for the broad proposition that the United States is a suable entity if the judgment affects the public treasury. (App. Brief at 10 (citing *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963))).

Conversely, appellee maintains that the fact that the bankruptcy reporter is filled with cases in which the IRS is named as a party is irrelevant because the holding in many of those cases is that the IRS is not a suable entity. (App. Reply at 4). Further, appellee contends that appellant misstates the facts of *In re Nordic Village, Inc.*, *supra*, because the initial suit was commenced by Nordic Village, Inc., not the IRS, and Nordic Village, Inc. improperly named the IRS as a party to the suit. (App. Reply at 4).

Appellee acknowledges that appellant correctly quotes *Dugan v. Rank*, *supra*, but argues that appellant's conclusions as to the suability of the IRS, the Department of the Treasury and the United States are incorrect. Appellee argues that "[w]hen Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of [a] ... suable entity." (App. Reply at 3 (quoting *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952))). Appellee maintains that Congress has not authorized suit against either the Department of the Treasury or its agency the IRS and a suit against either party must be dismissed. Thus, appellee asserts, that the only defendant left is the United States and suit against the United States is improper based on sovereign immunity.

As will be discussed fully *infra*, appellant's reliance on *Nordic Village, Inc.*, *supra*, is misplaced because *Nordic Village, Inc.* improperly named the IRS in the suit.

■ As appellee correctly notes, suit against the IRS or the Treasury Department is not available in federal court, *Provenza v. Rinaudo*, 586 F.Supp. 1113, 1117 (D.Md.1984) (the IRS as an entity is absolutely immune from suit); *Krouse v. United States Gov't Treasury Dep't of Internal Revenue Serv.*, 380 F.Supp. 219, 221 (C.D.Cal.1974) (neither the treasury department nor the IRS are subject to suit) and such suits are deemed actions against the United States. *Provenza*, 586 F.Supp. at 1117 (citing *Dugan v. Rank*, 372 U.S. 609, 613, 83 S.Ct. 999, 1003, 10 L.Ed.2d 15 (1963)).

It is well settled law that, because the United States is a sovereign, actions against it cannot be maintained unless it consents. *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940). A suit is deemed to be against the sovereign if:

> "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012 [91 L.Ed. 1209] (1947), or if the effect of the judgment would "restrain the Government from acting, or to compel it to act." *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 1468 [93 L.Ed. 1628] (1949).

*Dugan v. Rank*, 372 U.S. at 620, 83 S.Ct. at 1006 (1963).

The leading case discussing sovereign immunity is *Dugan v. Rank*, which involved the implementation of the Central Valley Reclamation Project. The Project was authorized by Congress and undertaken by the Bureau of Reclamation to conserve and put to maximum beneficial use the waters of the Central Valley of California. *Dugan*, 372 U.S. at 611, 83 S.Ct. at 1002. The United States' constitutional authority to operate the project was challenged. *Id.* at 615, 83 S.Ct. at 1004. The district court granted injunctive relief against the United States, local officials of the United States Bureau of Reclamation, as well as various irrigation and utility districts, to prevent the storing and diverting of water or otherwise impeding the natural flow of the San Joaquin river at the Friant Dam in California. *Id.* at 616, 83 S.Ct. at 1004. The Court of Appeals reversed as to the United States, holding that the United States could not be a party without its consent but refused to dismiss the irrigation and utility districts and the officials of the reclamation project.[2] *State of Cal. v. Rank*, 293 F.2d 340, 353, 360 (9th Cir.1961), *reh'g granted*, 307 F.2d 96, 98 (9th Cir.1962). The Supreme Court granted certiorari. 369 U.S. 836, 82 S.Ct. 865, 7

L.Ed.2d 842; 370 U.S. 936, 82 S.Ct. 1586, 8 L.Ed.2d 806.

The Supreme Court held that the suit against the reclamation officials was in fact a suit against the United States without its consent, reasoning that if the decree were granted it would have interfered with the public administration and would require expenditure of public funds. *Dugan*, 372 U.S. at 621, 83 S.Ct. at 1007. Therefore, the Supreme Court dismissed the action against the reclamation officials. *Id.* at 626, 83 S.Ct. at 1009. It also dismissed the districts because the Court of Appeals had made the injunction inapplicable to the districts and no other relief was sought from them. *Id.* at 626, 83 S.Ct. at 1010.

Although appellant correctly quotes *Dugan, supra*, he misinterprets the general rule, as stated therein, as meaning that a suit may be *brought* against a sovereign. Rather, the statement quoted by appellant means that sovereign immunity attaches when there is interference with the public treasury and thus suit *may not be brought* against the sovereign.

The sovereign immunity doctrine arose to protect the public from situations in which government actions, money and properties would be frozen by the courts, pending settlement of a suit. *The Siren*, 74 U.S. 152, 154, 7 Wall. 152, 154 (1868). The Supreme Court's decision in *Dugan* reflects the present day concern that bringing a suit against the United States without government consent would impede the functioning of the government and sacrifice public welfare. *Dugan*, 372 U.S. 609, 83 S.Ct. 999 (1963). Thus, if the public treasury is affected, the suit is against the sovereign and the sovereign is immune from suit unless it consents. *Dugan*, 372 U.S. at 620, 83 S.Ct. at 1006 (1963).

If this Court were to determine that appellant's 1988 tax overpayment were improperly setoff against the taxes previous-

---

**2.** The Court of Appeals modified the injunction making it inapplicable to the irrigation and utility districts. *State of Cal. v. Rank*, 293 F.2d 340, 353 (9th Cir.1961), *reh'g granted*, 307 F.2d 96, 98 (9th Cir.1962). However, it provided no clear explanation for its refusal to dismiss the districts.

ly owed to the IRS, appellant would be entitled to recover a refund. If the IRS owed a refund to appellant the public treasury would be affected.

Thus, sovereign immunity has attached to the United States in this case.

## III. WHETHER THE UNITED STATES HAS WAIVED SOVEREIGN IMMUNITY PURSUANT TO 11 U.S.C. §§ 106(a) or (c).

Appellant argues that if appellee has sovereign immunity it has been waived under either 11 U.S.C. §§ 106(a) or (c).

### A. *11 U.S.C. § 106(a).*

 Appellant argues that waiver has occurred pursuant to 11 U.S.C. § 106(a), which states that a "governmental unit is deemed to have waived sovereign immunity with respect to claims" involving "property of the estate which arose out of the same transaction" as a claim filed by the governmental unit. Since the IRS, treasury department and the United States are all within the definition of "governmental units" pursuant to 11 U.S.C. § 101(24) and both claims arose from the same transaction, there has been a waiver of sovereign immunity. (App. Brief at 7).

Conversely, appellee argues that there can be no waiver of sovereign immunity under 11 U.S.C. § 106(a) unless the government first files a "proof of claim," which it has not done in this case. (App. Reply at 5).

 Congress' waiver of sovereign immunity is crucial. This waiver cannot be implied but must be unequivocal and clearly expressed. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 97, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) (quoting *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980)).

The Bankruptcy Code contains its own sovereign immunity waiver provision, 11 U.S.C. § 106, which provides in part:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

 Upon reading 11 U.S.C. § 106(a) there is an explicit waiver of sovereign immunity from monetary relief claims only when the estate's claim is a compulsory counterclaim to a governmental claim. *United States v. Nordic Village, Inc.,* —— U.S. ——, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992).

While some courts have concluded that a formal proof of claim [3] need not be filed by a governmental unit for it to waive its sovereign immunity under § 106(a), *see e.g., In re Davis,* 20 B.R. 519 (Bankr. M.D.Ga.1982); *In re Town and Country Home Nursing Servicing, Inc.,* 112 B.R. 329 (9th Cir.1990), *aff'd,* 963 F.2d 1146 (9th Cir.1991), courts within the Second Circuit have held to the contrary. *In re the Community Hosp. of Rockland County,* 5 B.R. 11, 12 (Bankr.S.D.N.Y.1980) ("[t]he legislative history ... makes clear that in order to waive sovereign immunity, it is not enough that the Government have a claim against the Debtor; the Government must have taken the affirmative step of filing a proof of claim in the underlying proceeding."); *In re Prudential Lines, Inc.,* 79 B.R. 167, 180 (Bankr.S.D.N.Y.1987) (finding that the government had not waived sovereign immunity pursuant to § 106(a) as to any claim for which a proof of claim had not been filed); *In re Husher,* 131 B.R. 550, 522 (Bankr.E.D.N.Y.1991) (The United States does not waive sovereign immunity under § 106(a) unless it files a proof of claim.).

*In re Neavear,* 16 B.R. 528 (Bankr. C.D.Ill.1981), *rev'd on other grounds,* 674 F.2d 1201 (7th Cir.1982), the bankruptcy court found that "[t]he legislative history of section 106 makes it clear that there is a waiver of sovereign immunity only where the United States has filed a [proof of]

---

**3.** "A proof of claim is a written statement setting forth a creditor's claim." Fed.R.Bankr.P. 3001(a).

claim in bankruptcy." *Id.* 16 B.R. at 530 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 317 (1977); S.Rep. 989, 2d Sess. 29–30 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787). This conclusion rested on the legislative history that accompanied a pre-enactment draft of § 106, which explicitly conditioned the waiver of sovereign immunity on the government's filing of a proof of claim. *Neavear,* 16 B.R. at 530–531 (citing S. 2266, 95th Cong., 2d Sess., § 106(a) (1978); H.R. 8200, 95th Cong., 2d Sess., § 106(a) (1977)); *see also, Hoffman v. Conn. Dep't of Income Maintenance, et al.,* 492 U.S. 96, 100, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76 (1989) (Section 106(a) does not provide a basis for petitioner's action "since respondents did not file a [proof of] claim. . . .").

Although appellee's claim does involve property of the estate and both parties' claims arose out of the same transaction in accordance with 11 U.S.C. § 106(a), it is undisputed that no proof of claim was filed by a governmental unit. Thus, sovereign immunity has not been waived by appellee under 11 U.S.C. § 106(a).

**B. *11 U.S.C. § 106(c).***

■ In the alternative, appellant contends that "section 106[ (c) ] is a straightforward and specific waiver of sovereign immunity as it relates to the federal government" and that according to the Court of Appeals in *In re Nordic Village, Inc.,* 915 F.2d 1049 (6th Cir.1990), this Court must make an independent judgment as to whether or not sovereign immunity has been waived under 11 U.S.C. § 106(c). (App. Letter (quoting *In re Nordic Village, Inc.,* 915 F.2d 1049, 1052 (6th Cir.1990)).

In contrast, appellee argues that 11 U.S.C. § 106(c) does not abrogate the United States' sovereign immunity. Appellee argues that the plurality's reasoning in *Hoffman v. Conn. Dep't. of Income Maintenance, et al.,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), which held 11 U.S.C. § 106(c) does not waive sovereign immunity so as to compel the state to turnover funds belonging to a creditor, is applicable in this case to the federal government.

Further, appellee argues that the Eleventh Amendment is derived from the common law doctrine of federal sovereign immunity, and, accordingly, its purpose is to provide the states with the same protection afforded the United States. Therefore, if the states and federal government are equally protected, the reasoning in *Hoffman* also applies to the federal government. *Hoffman v. Conn. Dep't Income Maintenance, et al., supra.*

Subsequent to the submission of this appeal, the Supreme Court ruled on *United States v. Nordic Village, Inc.,* —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), which makes a discussion of appellee's arguments as to the applicability of *Hoffman* to the federal government unnecessary. However, as the Supreme Court relied on *Hoffman* in reaching its decision in *Nordic Village, Inc., Hoffman* will be discussed below in detail in connection with the discussion of *Nordic Village, Inc.,*

11 U.S.C. § 106(c) provides:

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor," "entity," or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

*Nordic Village, Inc.* held that 11 U.S.C. § 106(c) did not contain an "unequivocal textual waiver" of the federal government's sovereign immunity from a bankruptcy trustee's claim for monetary relief. *Id.,* —— U.S. at ——, 112 S.Ct. at 1017 (1992). After Nordic Village, Inc. filed for Chapter 11 relief, an officer withdrew funds from the company's corporate account and sent part of the money to the IRS directing that it be applied to the officer's individual tax liability. *Id.,* —— U.S. at ——, 112 S.Ct. at 1013. The trustee commenced an action to recover the amount paid to the IRS for the officer's individual tax liability. *Id.* In subsequent

proceedings, the bankruptcy court permitted the trustee to recover the transfer and entered a monetary judgment against the IRS. *Id.* This decision was affirmed by the district court. The Court of Appeals also affirmed, rejecting the defense of sovereign immunity. *In re Nordic Village, Inc.*, 915 F.2d 1049 (6th Cir.1990). The Supreme Court granted certiorari and reversed.

The Supreme Court reiterated its position that waivers of the government's sovereign immunity must be "unequivocally expressed" to be effective. *Id.*, —— U.S. at ——, 112 S.Ct. at 1014 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. at 97, 111 S.Ct. at 457 (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980))). The Court explained that 11 U.S.C. § 106(a), which provides for compulsory counterclaims to government claims, and § 106(b), which provides for permissive counterclaims to government claims subject to setoff limitations, each satisfy this "unequivocal expression" requirement in regards to monetary relief and thus waive the government's immunity. *Nordic Village, Inc.*, —— U.S. at ——, 112 S.Ct. at 1014. However, although § 106(c) waives sovereign immunity, it does not "unambiguously" establish that the sovereign immunity waiver is for monetary relief as does §§ 106(a) and (b). *Id.*

The *Nordic* Court analyzed the interpretation of § 106(c) set forth in *Hoffman v. Conn. Dep't of Income Maintenance et al.*, *supra*, which permitted the bankruptcy court to issue "declaratory and injunctive relief" but not "monetary relief" against a governmental unit. *Nordic Village, Inc.*, —— U.S. at ——, 112 S.Ct. at 1015. This interpretation was supported by the contrasting language used in subsections (a) and (b) ("claim[s]") versus subsection (c) ("determination by the court" of "issue[s]"), which is language indicative of injunctive or declaratory relief. *Hoffman*, 492 U.S. at 102–103, 109 S.Ct. at 2822–23.

Moreover, by reading (c)(1) and (c)(2) as independent clauses rather than reading subsection (c)(2) as being a limitation on subsection (c)(1), the Court found additional support for the determination that § 106(c) does not provide for monetary relief. *Id.*, —— U.S. at ——, 112 S.Ct. at 1016. The Court held that, although § 106(c)(1) waives sovereign immunity in a suit brought pursuant to any of the provisions of the Bankruptcy Code which contain the words "creditor," "entity," or "governmental unit" ("trigger words"), such actions would be restricted by the requirements of subsections (a) and (b), because subsection (c) provides, "[e]xcept as provided in subsections (a) and (b) of this section." *Id.* Moreover, the Court determined that the phraseology of subsection (c) indicates that the rules which evolved for subsections (a) and (b) allowing for waiver of the government's sovereign immunity for monetary relief are exclusive, and preclude the use of subsection (c) for such relief. *Id.* Based on the foregoing interpretation of § 106(c), the Court concluded that an action seeking recovery of a post-petition transfer under 11 U.S.C. § 550 is clearly a "claim" and therefore a proof of claim must be filed by the government. *Id.*

It is clear that the Supreme Court has interpreted § 106(c) of the Bankruptcy Code to waive the United States' sovereign immunity only for actions seeking declaratory and injunctive relief, not monetary relief because such waiver is not provided for unambiguously. *Nordic Village, Inc.*, —— U.S. at —— – ——, 112 S.Ct. at 1016–17.

Appellant in this case asserts that there was a violation of the exempt property provision and the discharge provision. Appellant is not seeking declaratory or injunctive relief but rather is seeking a "judgment that would affect the public treasury." Although the appellant does not articulate the relief sought as that for monetary relief, only a request for monetary relief can affect the public treasury. Thus, § 106(c) is inapplicable to the case at hand.

Based on the foregoing, this Court finds the United States' sovereign immunity was not waived pursuant to 11 U.S.C. § 106(c) in regards to a claim for monetary relief and appellant's claim is barred.

## CONCLUSION

For the reasons set forth above, this Court affirms the decision of the bankruptcy court, finding that the tax refund claimed as exempt and then applied against a discharged tax liability was proper. Neither the United States, the Department of Treasury nor the Internal Revenue Service are suable entities. This Court also finds that the government did not waive its sovereign immunity pursuant to 11 U.S.C. § 106(a) because no proof of claim was filed. Further, 11 U.S.C. § 106(c) does not waive sovereign immunity for claims in bankruptcy actions against the government seeking monetary relief.

## ORDER

IT HEREBY IS ORDERED, that the judgment of the bankruptcy court granting summary judgment in favor of the appellee is affirmed.

SO ORDERED.