In re Philip Joseph SARKIS, Debtor.

Philip Joseph SARKIS, dba Embers Exclusive Catering by Phil Sarkis, a sole proprietorship, and fdba The Sunset Motel, a sole proprietorship, Plaintiff,

v.

The AMERICAN STATE BANK OF RAPID CITY, Defendant.

Bankruptcy No. 581–00106.
Adv. No. 581–0049.

United States Bankruptcy Court,
D. South Dakota.

Jan. 8, 1982.

William J. Rieb, Rapid City, S. D., for plaintiff.

Robert L. Varilek, Rapid City, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Philip Joseph Sarkis, hereinafter Debtor, filed a complaint for turnover of property of the estate pursuant to 11 U.S.C. § 542(a). Debtor alleges The American State Bank of Rapid City, hereinafter Creditor, wrongfully set off Debtor's checking account on the

eve of bankruptcy. Creditor's Answer alleges it has a promissory note upon which a judgment was entered, a right of offset to all bank accounts held by Creditor, and that Creditor is secured.

## FINDINGS OF FACT

On November 6, 1980, Debtor executed a promissory note in favor of Creditor for $31,631.41. The promissory note is attached to Creditor's Trial Brief. A term of the promissory note provides:

> "The bank has a right of set off or lien on any deposit in the bank which is the property of a maker or comaker."

Debtor and Creditor agree that Creditor has a judgment based upon the promissory note, but no record of a judgment has been introduced into evidence.

On August 27, 1981, Debtor had a business checking account with Creditor. On the above-mentioned day, Creditor offset Debtor's checking account in the amount of $789.31.

On September 2, 1981, Debtor filed a Chapter 7 bankruptcy petition.

## DEBTOR'S ARGUMENTS

1. It was a preferential transfer under 11 U.S.C. § 547 when Creditor offset funds in Debtor's checking account.

2. Creditor should be ordered to turn over to the trustee funds taken from Debtor's checking account because it is property which Debtor may exempt under 11 U.S.C. § 522.

3. 11 U.S.C. § 101(35) provides a checking account is not security; consequently, Creditor cannot have a security interest in Debtor's checking account.

4. South Dakota law does not provide bank offsets are statutory liens, nor are they accorded security interest status.

5. Debtor never granted Creditor a security interest in Debtor's checking account.

## CREDITOR'S ARGUMENT

Creditor has a right of setoff and a security interest in Debtor's checking account based upon the following provision in the promissory note:

> "The bank has a right of set off or lien on any deposit in the bank which is the property of a maker or comaker."

## ISSUE

The parties to this action wish the Court to decide whether or not Creditor's right of offset or lien is a security interest as defined by 11 U.S.C. § 101(37).

## CONCLUSIONS OF LAW

Before this Bankruptcy Court decides who is entitled to the funds at issue, it should be noted the parties preferred not to have a trial and submitted the case by letter, pleadings, and memorandums of law. This Bankruptcy Court has some difficulty in resolving the matter as presented because the record lacks documents referred to by the pleadings. The pleadings refer to a judgment and a security agreement which are not attached as exhibits.

The Court perceives the issue as follows: Whether a bank can offset the amount a debtor owes under a promissory note against a credit balance in a debtor's checking account within ninety (90) days before the date of the filing of the petition when the value of the debt to the creditor which is set off does not exceed the value of such debt on the 90th day before the date of filing of the petition.

The pertinent statute is 11 U.S.C. § 553. It provides in part:

> "(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
>
> . . . .
>
> (b)(1) Except with respect to a setoff of a kind described in section 362(b)(6) or 365(h)(1) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the

date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim."

Debtor filed a Chapter 7 bankruptcy petition on September 2, 1981.

This Bankruptcy Court finds Creditor offset Debtor's checking account before the filing date of the bankruptcy petition. Consequently, the automatic stay as provided by 11 U.S.C. § 362 is not at issue.

On August 27, 1981, Creditor owed Debtor $789.31 under a checking account agreement. Also on this date, Debtor owed Creditor approximately $31,631.41 under a promissory note executed on November 6, 1980. The promissory note provided:

"The bank has a right of set off or lien on any deposit in the bank which is the property of a maker or comaker."

Banks have a general lien based upon possession pursuant to S.D.C.L. 44–11–11 (Supp.1981). It provides:

"A ~~banker~~ bank or savings and loan association has a general lien, dependent on possession, upon all property in ~~his~~ its hands belonging to a customer, for the balance due to ~~him~~ it from such customer in the course of ~~the~~ business."

This Bankruptcy Court finds there was a mutual debt between Debtor and Creditor that arose before the commencement of this case and Creditor had a claim against Debtor that arose before the commencement of this case.

In regard to the provisions of 11 U.S.C. § 553(b)(1) and (2), this Bankruptcy Court finds on the record before it there is no insufficiency for the trustee to recover from Creditor's offset because the funds set off do not exceed the funds in the checking account 90 days prior to filing.

■ In light of the foregoing, this Bankruptcy Court holds a bank can offset the amount a debtor owes under a promissory note against a credit balance in a debtor's checking account within 90 days before the date of the filing of the petition when the value of the debt to the creditor which is set off does not exceed the value of such debt on the 90th day before the date of filing of the petition.

Creditor maintains it has a security interest in Debtor's checking account. This Bankruptcy Court finds the promissory note does not contain a security agreement nor has Creditor offered a security agreement into evidence.

Debtor contends Creditor's action of offsetting funds in Debtor's checking account is a preferential transfer pursuant to 11 U.S.C. § 547. The legislative history of 11 U.S.C. § 101(40) provides a setoff is not subject to being set aside as a preferential "transfer" but will be subject to special rules. (124 Cong.Rec. H 11,090 (Sept. 28, 1978); S 17,407 (Oct. 6, 1978).)

■ Debtor further maintains Creditor should be ordered to deliver to the trustee, pursuant to 11 U.S.C. § 542(a), the funds which Creditor took from Debtor's checking account because it is property which Debtor may exempt under 11 U.S.C. § 522. In response to this argument, the Court refers Debtor to 11 U.S.C. § 542(b) which provides:

"(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."

Debtor also asserts 11 U.S.C. § 101(35)(A) and (B) provide a checking account is not security; consequently, Creditor cannot have a security interest in Debtor's checking account. Debtor's argument is correct

but is irrelevant since there is no security interest in the checking account in the record before the Court.

Debtor is correct in his assertion that South Dakota law does not provide bank offsets are statutory liens, nor are they accorded security interest status. This is clear upon a reading of S.D.C.L. 44–11–11 (Supp.1981) which provides a bank with a general lien.

Debtor is also correct in his contention that he never granted Creditor a security interest in his checking account. This is evident upon an examination of the promissory note.

■ This Bankruptcy Court finds the parties are unnecessarily concerned about security interests in checking accounts. In this case, Creditor can offset Debtor's checking account without a security interest based upon S.D.C.L. 44–11–11 (Supp.1981). Furthermore, a provision in the promissory note executed by Debtor grants Creditor a right of setoff or lien on any deposit in the bank.

The foregoing shall constitute the Findings of Fact and Conclusions of Law of this Court, and Attorney Varilek shall submit an order consistent with this Memorandum Decision.