**In re Allen L. EGGEMEYER, Debtor.**

**Allen L. EGGEMEYER, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. BK 86–30316.**
**Adv. No. 86–0261.**

United States Bankruptcy Court,
S.D. Illinois.

March 6, 1987.

Herbert J. Lantz, Jr., Sparta, Ill., for plaintiff.

Jeffrey N. Kaplan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on defendant's motion for summary judgment.

The debtor filed this action to compel the Internal Revenue Service (IRS) to turn over to him his 1985 federal income tax refund in the amount of $406.00. The debtor had previously filed a Chapter 7 bankruptcy petition on March 24, 1986. At that time, he was indebted to the United States (U.S.) for unpaid income taxes for tax year 1979 in the amount of $469.76 (tax), $83.47 (interest) and $864.35 (penalties).

The debtor filed his income tax return for the 1985 tax year which return reflected an overpayment of $406.00, which the IRS retained with the intent of offsetting this refund against the debtor's 1979 tax liability. The facts in this case are not in dispute.

The issues presented by the motion for summary judgment are, as a matter of law: (1) whether the U.S. has a valid right of offset pursuant to 11 U.S.C. § 553, to enable it to offset the debtor's 1985 federal income tax refund against his 1979 federal income tax liability; (2) whether listing the 1985 income tax refund as exempt property defeats any setoff right of the U.S.; and (3) whether the discharge of the 1979 income tax liability by this Court affected the right of the U.S. to setoff the 1985 income tax refund against said debt.

Initially, the Court must determine whether the U.S. has a valid right of setoff to enable it to offset the debtor's 1985 refund against his 1979 tax liability. Section 553 of the Bankruptcy Code (11 U.S.C. § 101 *et seq*), the controlling statute, provides:

"Section 553 Setoff

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title [none of which are applicable in the instant case] this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor, that arose before the commencement of the case ..." 11 U.S.C. § 553.

Pursuant to Section 6402(a) of the Internal Revenue Code of 1954 (26 U.S.C.), the IRS is authorized to setoff a taxpayer's overpayment against any of his outstanding tax liabilities. Section 6402(a) provides, in pertinent part, that "The Secretary ... may credit the amount of such overpayment ... against any liability in respect of an internal revenue tax on the part of the person who made the overpayment." The U.S., therefore, has a statutory right to setoff the debtor's 1985 refund against his 1979 tax liability and § 553 preserves that right irrespective of the debtor's petition in bankruptcy.

Having established that the creditor has a right to setoff, the requirements of § 553 must then be satisfied.

The first requirement of § 553 is that the debts are mutual debts. To be mutual, the debts must be between the same parties and must be due and owing on the same rights and capacities. *In re Fulghum Construction Corp.*, 23 B.R. 147, 153 (Bankr. M.D.Tenn.1982). The 1985 tax overpayment and the 1979 tax liability are mutual debts in that they arose between the same parties (the debtor and the U.S.) and are due and owing in the same right and capacity.

Secondly, § 553 requires that the debt owed by the creditor to the debtor arose prior to the commencement of the case. The right to setoff exists provided that the debt is "absolutely owing at the time of the filing of the petition even though [it is] not due or liquidated." *In re Lawrence*, 19 B.R. 627 (Bankr.E.D.Ark. 1981), citing, 4 *Collier on Bankruptcy* § 68.10[2] (14th ed. 1978). For the purposes of § 553, income tax refunds are

"absolutely owing" on December 31 of the year in which the overpayment is made or the liability accrues. *In re Conti,* 50 B.R. 142 (Bankr.E.D.Va.1985). The date the return is actually filed is not relevant in determining when the debt arose.

In this case, the overpayment was for the year ending December 31, 1985. Since the obligation to refund the 1985 tax overpayment accrued as of December 31, 1985, it is a pre-petition obligation and it is subject to setoff under § 553.

The third requirement of § 553 is that the debt owed by the debtor to the creditor arose prior to the commencement of the case. It is not disputed by the debtor that amounts were due and owing to the U.S. by the debtor with respect to his 1979 federal income taxes.

The debtor maintains in his application for turnover that the U.S. should be required to turnover the 1985 refund pursuant to § 542(a) because it is property which is exempt. § 542(b), however, provides:

> "... an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to or on the order of the trustee, *except to extent that such debt may be offset under section 553 of this title against a claim against the debtor.* (Emphasis added.)

This section enables a creditor who has a valid right of setoff to retain the property, regardless of its exempt status. *See, In re Sarkis,* 17 B.R. 174 (Bankr.D.S.D.1982).

The debtor also alleges that his discharge in bankruptcy entitles him to the 1985 refund. The discharge of a debt in a bankruptcy proceeding does not affect the creditor's right to setoff, provided that the right of setoff existed at the time the bankruptcy petition was filed. *In re Conti, supra; In re Handy,* 41 B.R. 172 (Bankr.E. D.Va.1984). As previously discussed, the U.S.'s right to setoff existed at the time the petition was filed, therefore the discharge has no effect on the setoff.

For foregoing reasons, there being no genuine issue of material fact and the de-fendant is entitled to judgment as a matter of law, IT IS ORDERED that the defendant's motion for summary judgment is allowed, and debtor's application for turnover of funds is denied.