**PETTIBONE CORPORATION, a/k/a Beardsley & Piper, et al., Plaintiffs,**

v.

**Gary BAKER, et al., Defendants.**

**Nos. 90 C 1816–90 C 1819.**

United States District Court, N.D. Illinois, E.D.

Aug. 23, 1990.

Robert D. Kolar & Assoc., Richard C. Clark, Lisa Marco Kouba, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., for Pettibone Corp.

Paul J. Tellarico, Richard J. Arsenault, Neblett, Beard & Arsenault, Alexandria, La., for Harris, Edward & Mary.

R. Duncan MacDonald, MacDonald, Fitzgerald & Simon, Flint, Mich., for Easley, Carl J. & Mary.

Henry M. Hanflick, Jeffrey A. Chimovit, Flint, Mich., Daniel Hoseman, Chicago, Ill., for White, Kenneth & Mary.

Philip Rice, Belleville, Ill., for Baker, Gary.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The appellants (collectively referred to as "Pettibone") have brought this consolidated bankruptcy appeal challenging a February 7, 1990, 110 B.R. 848, memorandum opinion and final orders denying Pettibone's motions for default and summary judgments, dismissing Pettibone's adversary actions against the appellees, Carl and Mary Easley, Edward and Mary Harris, and Kenneth and Helen White ("Claimants"), and annulling the automatic stay with respect to certain suits brought by the Claimants during the reorganization proceedings.[1]

In his memorandum opinion Bankruptcy Judge Schmetterer concluded that: (1) state court suits filed by the Claimants unknowingly in violation of the automatic stay should be deemed void and without legal effect; (2) the Claimants who had filed cross motions for summary judgment on an estoppel theory had failed to establish such an estoppel; but (3) under 11 U.S.C. § 362(d) the Claimants were entitled to retroactive annulment of the automatic stay, the effect of which was

> to render the stay itself a nullity, as if it never existed with respect to designated parties and their actions, so that suits filed against the debtors are deemed not to have violated the stay and are effective as of the date they were initially filed.

Mem. Op. at 853–54 (citations omitted). Accordingly, the bankruptcy court permitted the Claimants to continue their respective suits in the state courts in which the suits were filed.

Pettibone has appealed the bankruptcy court's retroactive annulment of the automatic stay to permit the Claimants' actions to proceed.[2] In reviewing this decision of the bankruptcy court, we must apply a clearly erroneous standard to the bankruptcy court's findings of fact and a *de novo* standard to its conclusions of law. 11 U.S.C. Rule 8013; *In re Matter of Supreme Plastics, Inc.,* 8 B.R. 730, 734 (N.D. Ill.1980). We must consider the bankruptcy court's equitable determinations under an abuse of discretion standard. *Supreme*

---

1. Originally, Gary Baker also was named as an appellee, but he has indicated that he no longer wishes to press his claim in bankruptcy court. Therefore, the appeal with respect to the Baker claim is dismissed as moot.

2. Pettibone does not dispute that a void action may be revived by way of an annulment. *See* Pettibone Brief at 30.

*Plastics,* 8 B.R. at 734. Under these standards, we affirm the decision of the bankruptcy court on the issue of annulment.

In his memorandum opinion, Judge Schmetterer clearly articulated the legal predicate and the many factors upon which he relied in making the equitable determination that the Claimants should be entitled to retroactive annulment of the stay. We see no need to recite them again here. Mem.Op. at 855–57. Pettibone's claim that the bankruptcy court had no basis for annulling the stay does not rest on a lack of equitable considerations to support Judge Schmetterer's decision, but relies principally on the fact that Judge Schmetterer did not conclude that Pettibone engaged in bad faith in the bankruptcy proceedings. *See e.g.,* Pettibone Brief at 22–23, 30; Reply at 1, 3, 6. The Bankruptcy Code, however, grants a bankruptcy judge the equitable discretion to annul the automatic stay "for cause." 11 U.S.C. § 362(d). We reject Pettibone's assertion that "cause" may only be established by bad faith or evasive court action by the debtor.

Judge Schmetterer properly acknowledged that relief by virtue of an annulment of the automatic stay should be considered an exceptional action. His stated reasons for granting the annulment are sufficient to justify the extraordinary relief he permitted. Accordingly, we find that Judge Schmetterer did not abuse his equitable discretion in granting such relief, and affirm his decision dismissing the adversary cases brought by Pettibone against the claimants.[3] It is so ordered.

---

**3.** In light of this holding, we do not address Claimant White's argument that, notwithstanding the propriety of the annulment, the Michigan statute of limitations had not run as to his action. Nor do we consider the Harris Claimants' challenge to Judge Schmetterer's estoppel determination, a challenge which, in any event, the Harris Claimants failed to raise on a cross-appeal.