In re Michael Leon RUNNELS and Judy Kay Runnels, Debtors.

Michael Leon RUNNELS and Judy Kay Runnels, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 90–10257.
Adv. No. A–90–1094.

United States Bankruptcy Court, E.D. Texas, Beaumont Division.

Aug. 28, 1991.

Frank Maida, Beaumont, Tex., for debtors Michael Leon Runnels and Judy Kay Runnels.

David E. Whitcomb, Sp. Asst. U.S. Atty., Houston, Tex., for U.S.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW BEFORE THE COURT, the Complaint of Michael Leon Runnels and wife, Judy Runnels, hereinafter ("Debtors"), to Compel Turnover of Property by the Internal Revenue Service, hereinafter ("IRS") pursuant to a regularly scheduled hearing on May 30, 1991, in Beaumont, Texas. This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052 and disposes of all the issues presented to the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not materially disputed. Debtors filed for relief under Chapter 7 of the Bankruptcy Code on April 17, 1990. Subsequently, Debtors were granted a discharge pursuant to 11 U.S.C.A. § 727 on August 14, 1990. The Debtors' personal liability for the 1984 taxes was clearly included in this general discharge.

On September 24, 1990, the United States through its agency, the IRS, notified the Debtors of the application of their 1989 tax overpayment in the amount of $1,442.00 to Debtors' liability for unpaid income taxes for the taxable year 1984. In response, Debtors filed in this Court a Complaint to Compel the IRS to Turnover the 1989 tax refund. The position of the IRS has been and continues to be that the IRS has exercised its valid rights of setoff pursuant to 11 U.S.C.A. § 553 of the Bankruptcy Code. All parties are in agreement that the following three issues remain to be decided by this Court:

1. Whether the United States through its agency, the IRS, could setoff the Debtors' 1989 tax refund against the Debtors' 1984 tax liability;

2. Whether the Debtors' listing of the 1989 tax refund as exempt property affects the setoff right of the United States through its agency, the IRS; and

3. Whether the Debtors' discharge of their 1984 tax liability affects the setoff right of the United States through its agency, the IRS.

## DISCUSSION OF LAW

The right to setoff is governed by the provisions of 11 U.S.C.A. § 553(a) which provides in pertinent part that:

"Except as otherwise provided in this section or in sections 362 and 363 of this title, this title does not affect any right

of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case...."

In substance, that provision establishes that the three requirements for the exercise of a setoff are 1) a valid right to setoff, 2) the existence of prepetition debts owed by the creditor to the debtor and the debtor to the creditor, and 3) the mutuality requirement must be met i.e., the debts must be in the same right and between the same parties, standing in the same capacity.[1]

▆ The Court finds that the IRS has a valid right of setoff pursuant to 26 U.S.C.A. § 6402(a) (West 1989 and Supp. 1991) of the Internal Revenue Code of 1954 which provides "in the case of an overpayment, the [IRS], may credit the amount of such overpayment ... against any liability in respect of an internal revenue tax on the part of the person who made the overpayment ..." *In re: Eggemeyer,* 75 B.R. 20, 21 (Bankr.S.D.Ill.1987). Thus, it is clear that notwithstanding Debtors' bankruptcy petition, that the IRS had a statutory right to setoff Debtors' 1989 tax refund against Debtors' 1984 tax liability.

▆ The next step in establishing a valid right to setoff requires that both the creditor and the debtor owe each other prepetition debts. In the case of the IRS, it is not disputed that Debtors' 1984 tax liability constitutes a valid prepetition debt owed to the IRS. However, Debtors dispute that their 1989 tax refund constitutes a valid prepetition debt owed by the IRS to Debtors. The rationale for Debtors' position is that since Debtors did not file an income tax return for 1989, which established their 1989 tax refund, until after the filing of their petition in Chapter 7, that the resulting tax refund constitutes a postpetition debt owed by the IRS to Debtors and hence is not subject to setoff. The Court disagrees.

In the opinion of this Court, December 31, 1989, is the appropriate time at which Debtors became entitled to their 1989 tax refund. *In re: Rozel Industries, Inc.* 120 B.R. 944, 949 (Bankr.N.D.Ill.1990); *In re: Eggemeyer,* 75 B.R. 20, 22 (Bankr.S.D.Ill. 1987); *Harbaugh v. United States,* 89–2 U.S.T.C. para. 9608 (W.D.Pa.1989) *affd. Harbaugh v. United States,* 902 F.2d 1560 (3rd Cir.1990). The Court is in accord with the explanation advanced by the IRS that on December 31, 1989, all of the events necessary to establish Debtors' tax liability, vel non have already occurred. At that point, Debtors' tax liability, vel non for 1989 was fixed albeit unliquidated. *Eggemeyer,* 75 B.R. at 22 (the date the return is actually filed is not relevant in determining when [a] debt arose). Therefore, since Debtors' right to receive their 1989 tax refund from the IRS was established on December 31, 1989, it is clearly a prepetition debt.

▆ The final requirement necessary to establish a right to setoff is a demonstration that the debts are owed in mutual capacities. Clearly, that is the case in this matter. This dispute centers on the allocation of prepetition tax liabilities and overpayments between the same parties. The Court finds that the mutuality requirement has been satisfied. *In re: Rozel Industries, Inc.,* 120 B.R. 944, 949 (Bankr. N.D.Ill.1990). Therefore, the Court finds that the IRS is entitled to setoff Debtors' 1989 tax refund against Debtors' 1984 tax liability.

▆ The second issue for consideration by this Court is whether the setoff rights of the IRS can be defeated by a claim to the 1989 tax refund by the Debtors as exempt property. The Court is of the opinion that it does not. In addressing this issue, the *Eggemeyer* court relied on the statutory language in 11 U.S.C.A. § 542(b) which excepted from turnover debt subject to offset pursuant to § 553. *Id.* at 22. Even an exemption claim can not defeat this exception to turnover. *Id.* at 22.

▆ The final issue before this Court concerns whether the Debtors' discharge in

---

**1.** See discussion in 4 *Collier on Bankruptcy* para. 553.04 at pg. 553–20 (15th ed. 1989).

bankruptcy as to the 1984 tax liability defeats the IRS's attempt to setoff this liability against Debtors' 1989 tax refund. While this argument has some facial appeal, this Court is unpersuaded. As argued by the *Eggemeyer* court, "the discharge of a debt in a bankruptcy proceeding does not affect the creditor's right to setoff, provided that the right to setoff existed at the time the bankruptcy petition was filed." *Id.* at 22; *In re: Conti*, 50 B.R. 142, 149 (Bankr.E.D.Va.1985). Since this Court has already determined that the IRS had a valid right of setoff prior to the filing of Debtors' petition in Chapter 7, the Court is of the opinion that the discharge of Debtors' 1984 tax liability does not affect the right of the IRS to offset this liability against Debtors' 1989 tax refund.

For these reasons, it is the opinion of this Court that Debtors' Complaint to Compel the IRS to Turnover Debtors' 1989 tax refund is without merit, and accordingly, it is the judgment of this Court that Debtors' Complaint be DENIED.