**In re Debra THORVUND–STATLAND, Debtor.**

**Bankruptcy No. 92–01793.**

United States Bankruptcy Court,
D. Idaho.

Aug. 3, 1993.

Kenneth R. Arment, Boise, ID, for Trustee.

Richard R. Ward, U.S. Dept. of Justice, Washington, DC, for I.R.S.

Barry Zimmerman, Meridian, ID, Trustee.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

Before the Court for disposition is a motion filed by the Internal Revenue Service (hereafter "IRS") for relief from the automatic stay. IRS seeks permission to set off Debtor's federal income tax refunds attributable to tax years 1989, 1990 and 1991 against her liability for income taxes for tax year 1987. The Chapter 7 Trustee objects to the motion. The relevant facts are stipulated.

Debtor filed for bankruptcy relief on June 6, 1992. She filed her 1991 tax return on June 11, 1992, which showed she was entitled to a $1,974.04 refund. She filed her 1990 return on June 16, 1992, which showed she was entitled to a $1,901.75 refund. She filed her 1989 return on November 9, 1992, which showed she was entitled to a refund of $1,835.16.

IRS filed a proof of claim in Debtor's bankruptcy case for unpaid 1987 taxes in the amount of $6,427.46. Trustee has not objected to that claim. IRS admits that it originally setoff the refunds against the tax debt after Debtor filed for bankruptcy, but it represents it has since reversed its action and is currently holding the refunds in a "frozen" status.[1] IRS seeks stay relief to again offset the refunds against the debt.

If IRS is entitled to set off the refunds in question, that right gives it the status of a secured creditor in this bankruptcy case. 11 U.S.C. § 506(a). Assuming IRS's offset rights are valid, and since the amount of the tax debt exceeds the total due to the Debtor's bankruptcy estate in refunds, good cause would exist for relief from the automatic stay. 11 U.S.C. § 362(d)(2).

■ Setoff rights are prescribed in Section 553(a) of the Code.[2] Trustee challenges the right of IRS to offset by arguing that the Government's liability to Debtor for the refunds did not arise until after the bankruptcy case had been commenced, which Trustee claims occurred at the time she filed the tax returns claiming the refunds. Because of this, Trustee contends the debts here in question are not mutual prepetition debts as required by Section 553(a),[3] and IRS has no right to offset the refunds against the tax obligation.

IRS insists that even though the necessary returns were not filed before bankruptcy, that the Government's liability to the Debtor for the refunds accrued, for purposes of Section 553(a), on December 31 of each tax year for which a refund is due. Therefore, IRS would urge the debts are all prepetition obligations and setoff should be allowed.

Both parties have the benefit of considerable case law supporting their respective positions. The leading case in the Trustee's favor is *In re Harbaugh*, 99 B.R. 671 (Bankr.W.D.Pa.1989), *rev'd Harbaugh v. United States, IRS*, 1989 WL 139254, 1989 U.S.Dist. LEXIS 16506, 89–2 USTC para. 9608 (W.D.Pa.1989), *aff'd with op., Harbaugh v. U.S., IRS*, 902 F.2d 1560 (3d Cir. 1990). In that case, the Court reasons that since the IRS cannot determine whether a right to a refund exists until it receives the necessary information from the taxpayer contained in the return, it would be illogical to say that the refund becomes due on an earlier date. The Court criticizes the IRS position here:

> To say that Debtors were entitled to a refund on December 31st when it was absolutely impossible for anyone to ascertain the same, is to hold fast to Draco-

---

**1.** The actions of IRS in setting off the refunds against the unpaid tax obligation probably violated the automatic stay. *See* 11 U.S.C. § 362(a)(7). The Court makes no decision here as to whether IRS's approach in holding the funds in a "frozen" or suspense status is any less a stay violation, an issue not properly before the Court on this motion.

**2. § 553. Setoff.**
(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—
(A) after commencement of the case; or
(B)(i) after 90 days before the date of the filing of the petition; and
(ii) while the debtor was insolvent; or
(3) the debt owed to the debtor by such creditor was incurred by such creditor—
(A) after 90 days before the date of the filing of the petition;
(B) while the debtor was insolvent; and
(C) for the purpose of obtaining a right of setoff against the debtor.

**3.** *See In re Claar*, 93 I.B.C.R. 104, 105.

nian absolutes in the face of reality. Tax consequences must follow what has actually taken place, not what might have taken place. We cannot ignore the facts of life or the facts of this case.

99 B.R. at 676 (*citations omitted*). Other cases support this view.[4]

*Harbaugh* was reversed on appeal.[5] The view expressed in the appellate decisions, and several other courts which support the IRS position in this action [6] are best exemplified by *In re Conti*, 50 B.R. 142 (Bankr. E.D.Va.1985) wherein the Court explains:

> The date of allowance of a tax refund pursuant to [IRC] § 6407 is not the same as the date the obligation arose for purposes of § 553 of the Bankruptcy Code. This Court finds that the obligation of the IRS to the debtor arose as of December 31, 1982, the end of the debtor's tax year, subject only to the debtor's filing of a tax return claiming the refund within the time limitations prescribed by IRC § 6511(a) (1982). The latter section is a procedural requirement which, if not followed, will prohibit the Secretary from allowing a refund pursuant to § 6407 and will extinguish the right to a refund in all cases if not so followed. However, this does not change the fact that an obligation to the debtor arose as of December 31, 1982.

*Id.* at 148.

While the correct answer to this issue is not easily discernable, the Court respectfully prefers the logic expressed by the Court in *Conti*, to that of the Bankruptcy Court in *Harbaugh*. Without attempting to restate the analysis of the various cases at length, there is one important consideration which persuades the Court to adopt the IRS position here.

In this contest, the Court is confronted with an issue of bankruptcy law, not tax law. To accept the Trustee's reasoning

that the Government's liability to the Debtor did not arise until she filed the relevant tax returns effectively places the rights of IRS as a secured creditor in the bankruptcy case completely within the control of the Debtor without any apparent justification. Creditors, including the IRS, should be able to measure their rights in bankruptcy based upon the objective facts existing on the date of the filing of the petition. If the Trustee is correct, a debtor therefore possesses the unilateral ability to defeat IRS's right to offset refunds simply by choice in the timing of the filing of the bankruptcy petition in relation to the tax returns, a result for which the Court can find no support in the Code.

Therefore, by separate order, the Court finds that IRS has valid setoff rights in the 1989, 1990 and 1991 tax refunds, and its motion for stay relief will be granted to allow it to exercise those rights.

4. *See In re Hankerson*, 133 B.R. 711 (Bankr. E.D.Pa.1991).

5. *Harbaugh v. United States, IRS*, 1989 WL 139254, 1989 U.S.Dist. LEXIS 16506, 89–2 USTC para. 9608 (W.D.Pa.1989), *aff'd with op., Harbaugh v. U.S., IRS*, 902 F.2d 1560 (3d Cir.1990).

6. *See In re Johnson*, 136 B.R. 306 (Bankr. M.D.Ga.1991); *In re Runnels*, 134 B.R. 562 (Bankr.E.D.Texas 1991); *In re Rozel Industries, Inc.*, 120 B.R. 944 (Bankr.N.D.Ill.1990); *In re Eggemeyer*, 75 B.R. 20 (Bankr.S.D.Ill.1987).