**In re Robert BREDER, a/k/a Bob Breder, Debtor.**

**Robert BREDER, a/k/a Bob Breder, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 94–13785–BKC–AJC.**
**Adv. No. 95–1123–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

May 7, 1996.

**208**

Ira R. Gordon, Whitman and Gordon, Coral Gables, Florida, for debtor.

Mark Stier, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for U.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Chief Judge.

This cause came on before the court on December 18, 1995, upon the "Complaint to Discharge Income Taxes" filed by Robert Breder (hereinafter "debtor") pursuant to Sections 505 and 523 of the Bankruptcy Code, and the court having examined the documentary evidence presented and considered the argument of counsel, and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The debtor filed with the Internal Revenue Service, on or about March 16, 1992, a federal income tax return, Form 1040, for the year ended December 31, 1989, reporting taxes due in the amount of $18,842.00. The debtor filed this return late after the April 15, 1990 deadline to file a personal federal income tax return.

2. On March 16, 1992, a delegate of the Secretary of the Treasury made an assessment of the taxes reported as due by the debtor plus penalties and interest (hereinafter "debtor's 1989 tax liability.")

3. As of September 27, 1993, the debtor's 1989 tax liability totalled $30,136.50.

4. On September 27, 1993, the Internal Revenue Service filed in the County Courthouse, Dade County, a "Notice of Federal Tax Lien Under Internal Revenue Laws" with respect to the debtor's 1989 tax liability.

5. The debtor filed a petition under Chapter 7 of the Bankruptcy Code on September 12, 1994. He received a discharge on December 27, 1994.

6. The debtor filed with the Internal Revenue Service a federal income tax return, Form 1040, for the year ended December 31, 1991, reporting an overpayment in the amount of $6,246.00. The amount of the overpayment equaled the amount of federal income tax withheld from the debtor's wages during the 1991 year. The debtor filed this return late after the April 15, 1992 deadline to file a personal federal income tax return. The debtor did not present any evidence with respect to the exact date this return was filed with the Internal Revenue Service. The return introduced into evidence reflects that it is dated September 7, 1994.

7. The debtor filed with the Internal Revenue Service a federal income tax return, Form 1040, for the year ended December 31, 1992, reporting an overpayment in the amount of $6,911.00. The amount of the overpayment equaled the amount of federal income tax withheld from the debtor's wages during the 1992 year. The debtor filed this return late after the April 15, 1993 deadline to file a personal federal income tax return. The debtor did not present any evidence with

respect to the exact date this return was filed with the Internal Revenue Service. The return introduced into evidence reflects that it is dated September 7, 1994.

8. The debtor filed with the Internal Revenue Service a federal income tax return, Form 1040, for the year ended December 31, 1993, reporting an overpayment in the amount of $3,366.00. The amount of the overpayment equaled the amount of federal income tax withheld from the debtor's wages during the 1993 year. The debtor submitted to the Internal Revenue Service two applications for an extension of time to file this return. The first application is dated April 12, 1994. The second application is dated August 1, 1994. The debtor did not present any evidence with respect to the exact date this return was filed with the Internal Revenue Service. The return introduced into evidence reflects that it is dated September 7, 1994.

### CONCLUSIONS OF LAW

██ Pursuant to the stipulation of the parties, the court concludes that the debtor's assessed federal income tax liability for the year ended December 31, 1989, including tax, penalties and interest, is dischargeable. The only issue to be determined by the court is whether the debtor is entitled to receive a refund of any overpayment of his federal taxes for any year ended prior to September 12, 1994, the date he filed his Chapter 7 petition, including the overpayments for the years ended December 31, 1991, 1992 and 1993.

The United States asserts that it is entitled to set off these overpayments against the debtor's 1989 tax liabilities. The debtor asserts that because he filed the returns at issue after the commencement of the Chapter 7 case he is entitled to receive the refunds.

██ Section 553 of the Bankruptcy Code preserves the right of setoff. The exercise of the right of setoff in a bankruptcy case requires the following elements:

1. a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case;

2. a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case; and

3. the debt and the claim must be mutual or reciprocal obligations.

*Posey v. U.S. Dept. of Treasury—I.R.S.,* 156 B.R. 910, 914 (W.D.N.Y.1993).

It is undisputed by the debtor that the claim of the United States against the debtor (for a 1989 tax liability) arose prior to the commencement of the case and that any tax refunds owed to the debtor by the United States and the claim of the United States are mutual or reciprocal obligations. The applicable law requires a conclusion that any refunds owed to the debtor by the United States also arose prior to the commencement of the bankruptcy case.

The overpayments at issue involve taxable periods ending before the commencement of the debtor's Chapter 7 case. As such, they are considered to be prepetition. The Eleventh Circuit has held as follows:

> It is undisputed that the taxable years for which taxpayers sought the refunds were prior to the dates on which the petitions in bankruptcy were filed. Tax refunds based upon earnings or losses prior to the date of a bankruptcy petition are considered the property of the bankruptcy estate.

*United States v. Michaels,* 840 F.2d 901 (11th Cir.1988). See also *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

The third element of setoff is accordingly present. See *Harbaugh v. United States,* 89–2 U.S.T.C. ¶9608, 1989 WL 139254 (W.D.Pa.1989), affirmed, 902 F.2d 1560 (3rd Cir.1990); *In re Franklin Savings Corp.,* 177 B.R. 356, 358 (Bankr.D.Kan.1995); *In re Midway Indus. Contractors, Inc.,* 167 B.R. 139, 142–43 (Bankr.N.D.Ill.1994); *In re Martin,* 167 B.R. 609, 612–14 (Bankr.D.Or.1994); *In re Johnson,* 136 B.R. 306, 309 (Bankr. M.D.Ga.1991); *In re Runnels,* 134 B.R. 562 (Bankr.E.D.Tex.1991); *In re Rozel Industries, Inc.,* 120 B.R. 944, 949 (Bankr.N.D.Ill. 1990); *Ferguson v. Internal Revenue Service,* 83 B.R. 676, 677 (Bankr.E.D.Mo.1988); *In re Conti,* 50 B.R. 142 (Bankr.E.D.Va. 1985); *In re W.L. Manufacturing,* 50 B.R. 506, 508 (Bankr.E.D.Tenn.1985).

The debtor asserts that the exercise of setoff contravenes his right to a fresh start. The overpayments, however, relate to income taxes withheld from his wages during prepetition periods. As stated by the Supreme Court in *Kokoszka v. Belford,* 417 U.S. 642, 647, 94 S.Ct. 2431, 2434–2435, 41 L.Ed.2d 374 (1974): "The tax payments refunded here were income tax payments withheld from the petitioner prior to his filing for bankruptcy and are based on earnings prior to that filing." The Supreme Court then concluded: "As the Court of Appeals noted, since a 'tax refund is not the weekly or other periodic income required by a wage earner for his basic support, to deprive him of it will not hinder his ability to make a *fresh* start unhampered by the pressure of preexisting debt.'"

The debtor's right to a fresh start does not include a right to bar the United States from exercising its right of setoff in this case. "[T]he discharge of a debt in a bankruptcy proceeding does not affect the creditor's right to setoff, provided that the right to setoff existed at the time the bankruptcy petition was filed." *In re Eggemeyer,* 75 B.R. 20, 22 (Bankr.S.D.Ill.1987). See also *Posey,* 156 B.R. at 915; *Runnels,* 134 B.R. at 565; *In re Handy,* 41 B.R. 172, 174 (Bankr. E.D.Va.1984).

The debtor further asserts that because he filed the returns after the commencement of the case he should be entitled to receive the refunds. The Court notes that the debtor did not present any evidence that the returns were actually filed after the commencement of the debtor's Chapter 7 case. The returns introduced into evidence reflect a date of September 7, 1994, prior to the filing of the debtor's petition. The fact that the debtor might have withheld filing the returns until after the commencement of the case does not change the prepetition nature of the overpayments. The debtor's argument was rejected by the court in *In re Thorvund–Statland,* 158 B.R. 837, 839 (Bankr.D.Id.1993):

> To accept the Trustee's reasoning that the Government's liability to the Debtor did not arise until she filed the relevant tax returns effectively places the rights of the IRS as a secured creditor in the bankruptcy case completely within the control of the Debtor without any apparent justification. Creditors, including the IRS, should be able to measure their rights in bankruptcy based upon the objective facts existing on the date of the filing of the petition. If the Trustee is correct, a debtor therefore possesses the unilateral ability to defeat IRS's right to offset refunds simply by choice in the timing of the filing of the bankruptcy petition in relation to the tax returns, a result for which the Court can find no support in the Code.

Moreover, as prepetition assets of the debtor, the refunds are subject to the lien securing the debtor's federal income liability. A notice of this tax lien was duly filed prior to the commencement of the debtor's bankruptcy case. This lien continues to be valid and enforceable against all prepetition assets of the debtor, including any refunds for the 1991, 1992 and 1993 years. See *United States v. Uria,* 180 B.R. 688, 692–694 (S.D.Fla.1995); *In re Stephenson,* 96 B.R. 388 (Bankr.S.D.Fla.1988).

In conformity with these Findings of Fact and Conclusions of Law a separate Final Judgment will be entered this date ORDERING as follows:

1. That the debtor's assessed federal income tax liability for the year ended December 31, 1989, including tax, penalties and interest, is dischargeable.

2. That the debtor is not entitled to receive a refund of any overpayment of federal taxes for any year ended prior to September 12, 1994.

ORDERED.