**In re Frederick PLEASANT, Debtor.**

**No. 04 B 07225.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 13, 2004.

Sarah R. Macmaster, Chicago, IL, for Debtor.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter comes before the court on the motion filed by the Internal Revenue Service ("IRS") to annul the automatic stay in the bankruptcy case of Frederick Pleasant ("Debtor"). The IRS seeks to offset a debt owed by the Debtor to the IRS with a claim by the Debtor against

the IRS, pursuant to § 553 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*). For the reasons set forth herein, the motion will be granted.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The proceeding concerns the annulment of the automatic stay and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is properly placed in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

On February 25, 2004, the Debtor filed a voluntary Chapter 7 bankruptcy petition (the "Petition"). On June 9, 2004, the Debtor received a general discharge pursuant to § 524 of the Bankruptcy Code. On July 15, 2004, the IRS filed the instant Motion.[1]

The IRS was a scheduled creditor in the Debtor's bankruptcy case, and the IRS requires that notice be given at the following address: "IRS, Mail Stop 5010 Chi, 230 S. Dearborn Street, Chicago, Illinois 60604." Decl. of Bonnie Perlin at ¶ XX. Instead, the Debtor sent notice to the IRS to the following addresses: Department of Treasury, Internal Revenue Service, Cincinnati, OH 45999–0010 and U.S. Attorney Northern District of Illinois, 219 S. Dearborn St., Ste. 5000, Chicago, IL 60604–1702. As a result of this defect in service, and before receiving notice of the Petition, during the week of March 12, 2004, the IRS applied the Debtor's 2003 federal income tax overpayment to the Debtor's 1995 federal income tax liability.

Approximately two weeks after the IRS had applied the 2003 tax overpayment to the 1995 tax liability, it received notice of the Petition. Usually, about three business days after the IRS receives notice of a bankruptcy, it posts a litigation freeze code to a debtor's tax accounts in order to indicate, among other things, that a taxpayer has filed for bankruptcy. During the week of April 4, 2004, the IRS posted a litigation freeze code to the Debtor's income tax accounts.

The IRS argues that it is entitled to retroactive relief from the stay pursuant to § 553 of the Bankruptcy Code and § 6402 of the Internal Revenue Code because the reason it violated the stay was inadvertence due to the improper notice it received of the Debtor's bankruptcy. 11 U.S.C. § 553; 26 U.S.C. § 6402. It further contends that even if it had waited until after the Debtor received his general discharge, it would still have been entitled to the funds under Bankruptcy Code § 553 and Internal Revenue Code § 6402.

The Debtor argues that the stay should not be retroactively annulled because he relied on the tax overpayment refund to satisfy other nondischargeable debts, and the IRS's violation of the stay impeded on his ability to obtain a fresh start.

## DISCUSSION

The parties do not dispute that the IRS did not receive proper notice of the Debtor's bankruptcy filing. According to the IRS, it violated the automatic stay as a result of the improper notice. The IRS argues that if it had not violated the stay, it would have been entitled to setoff pursuant to Bankruptcy Code § 553.[2] The court agrees.

---

1. On July 29, 2004, the Motion was re-filed with an amended notice of motion.

2. The Court notes that the Debtor does not argue that the IRS's violation of the automatic stay was willful or warrants damages. The court will therefore not address those issues.

Bankruptcy Code § 553 provides in pertinent part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—...

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

11 U.S.C. § 553(a).

■ Bankruptcy Code § 553(a) preserves a creditor's right to setoff where it exists under applicable non-bankruptcy law. Section 553(a) provides that "any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code." *United States v. Munson*, 248 B.R. 343, 345 (C.D.Ill.2000). "The Bankruptcy Code neither expands nor constricts the common law right of setoff. Rather, it preserves, with exceptions not relevant here, whatever right exists outside bankruptcy." *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir.1998).

In this case, the applicable law is § 6402 of the Internal Revenue Code, which provides the IRS with the right to offset the Debtor's income tax liability against the Debtor's income tax overpayment. Section 6402 provides:

**General rule.**—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person.

26 U.S.C. § 6402(a).

■ Bankruptcy Code § 553 requires that in order for the IRS to exercise its right to setoff, in this case under Internal Revenue Code § 6402, three requirements must be met: (1) the debtor must owe a debt to the creditor which arose prior to commencement of the action; (2) the debtor must have a claim against the creditor that arose prior to commencement of the action; and (3) the debt and claim must be mutual. *State of Ill. v. Lakeside Cmty. Hosp. (In re Lakeside Cmty. Hosp.)*, 151 B.R. 887, 891 (N.D.Ill.1993) (*citing Braniff Airways, Inc. v. Exxon Co., USA*, 814 F.2d 1030, 1035 (5th Cir.1987); *In re Brooks Farms*, 70 B.R. 368, 371 (Bankr.E.D.Wis. 1987)). The parties in this case do not dispute that the first and third elements have been met; respectively, the debt to the IRS arose before the commencement of the action, and the debt and claim are mutual. However, the second element is in dispute, and the parties disagree as to whether the Debtor's tax overpayment claim against the IRS arose prior to the commencement of the action.

■ Whether the Debtor's claim arose prior to the commencement of the action turns on the time when an income tax refund based on overpayment accrues. "[T]here are several decisions which hold that a tax refund for purposes of § 553 arises at the end of the taxable year to which it relates, and not when that right of refund is claimed by the taxpayer/debtor." *Rozel Indus., Inc. v. Internal Revenue Serv. (In re Rozel Indus. Inc.)*, 120 B.R. 944, 950–51 (Bankr.N.D.Ill.1990). For a

number of reasons, if the overpayment refund claim does not arise until it is filed with the IRS, there could be obvious advantages to wait to file a refund claim until after filing a bankruptcy petition in order to bring about a more favorable result for the debtor.[3] "The date on which the return is filed is not relevant in determining when the debt arose." *Id.* at 950; *see also Eggemeyer v. Internal Revenue Serv. (In re Eggemeyer)*, 75 B.R. 20, 22 (Bankr. S.D.Ill.1987). A debtor's right to a tax refund vests at the end of a taxable year. *In re Mason*, 79 B.R. 786, 788 (Bankr. N.D.Ill.1987). "For the purposes of § 553, income tax refunds are 'absolutely owing' on December 31 of the year in which the overpayment is made or the liability accrues." *In re Eggemeyer*, 75 B.R. at 21–22 (*quoting In re Conti*, 50 B.R. 142 (Bankr. E.D.Va.1985)).

Here, the Debtor has acknowledged that the IRS's claim and right to setoff "arises [sic] in the year to which the refund relates, which would be at the end of 2003 in this case." Debtor's Resp. to IRS's Mot. at 2. The Debtor makes no argument to contradict this point, and the court finds that the Debtor's claim against the IRS arose at the end of 2003, prior to the commencement of the action. Therefore, the third element required for setoff under Bankruptcy Code § 553 has been met.

█ The court will briefly address the Debtor's argument that Bankruptcy Code § 362 and the policies underlying the automatic stay warrant denial of the Motion.

Section 362 of the Bankruptcy Code provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . .

operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a).

█ The purpose of the automatic stay is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Rexene Prod. Co.*, 141 B.R. 574, 576 (Bankr.D.Del.1992). The automatic stay preserves what remains of the debtor's estate and "provide[s] a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, . . . thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (7th Cir.1982) (citation omitted).

█ This court does not discount the policies underlying the automatic stay and the importance of enabling a Debtor to obtain a fresh start. However, the law is not on the Debtor's side. The Debtor argues that he is entitled to the tax overpayment refund because debtors often use tax refunds to pay off bills and other nondischargeable debts.[4] However, in a case

---

**3.** For a discussion, *see e.g., In re Midway Indus. Contractors, Inc.*, 167 B.R. 139, 142–ference

144 (Bankr.N.D.Ill.1994); *In re Rozel Indus., Inc.*, 120 B.R. 944.

**4.** The Debtor argues that he relied on the

cited by both the IRS and the Debtor, the court found, and this court likewise finds, that the "debtor's right to a fresh start does not include a right to bar the United States from exercising its right to setoff in this case." *Breder v. U.S. (In re Breder)*, 199 B.R. 207, 210 (Bankr.S.D.Fla.1996).

Here, the tax overpayment arose at the end of 2003, before the petition was filed, and therefore the Debtor's claim against the IRS arose prior to the petition date and commencement of this matter. Thus, at the time the petition was filed, the IRS had a valid right to setoff, and had it received proper notice and so moved, it would have been entitled to relief from the stay in order to offset the funds.

■■ "[E]ven if setoff is authorized, it is a matter within the bankruptcy judge's discretion to be exercised within the principles of equity." *In re Lakeside Cmty. Hosp.*, 151 B.R. at 890 (citation omitted). The discretion to retroactively annul the stay lies with the bankruptcy court. 11 U.S.C. § 362(d); *see also Pettibone Corp. v. Baker (In re Pettibone Corp.)*, 119 B.R. 603, 605 (N.D.Ill.1990) (affirming bankruptcy judge's decision to retroactively annul the stay). Annulment of the stay is governed by Bankruptcy Code § 362 which provides in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

■ "[A]n order annulling the stay could operate retroactively to the date of

the filing of the petition which gave rise to the stay, and thus validate actions taken by a party at a time when he may have been unaware of the existence of the stay." *In re Hall*, 216 B.R. 702, 708 (Bankr. E.D.N.Y.1998) (*quoting Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir.1984)). Here, the IRS's action taken in violation of the stay was the result of the improper notice it received with respect to the Debtor's bankruptcy filing. At the time it violated the stay, the IRS had no knowledge of the bankruptcy filing by the debtor and therefore no knowledge of the stay.

Even though the Debtor argues that he was harmed because he could no longer rely on the funds from his income tax overpayment to satisfy nondischargeable debts, the Debtor is reminded that the tax liability debt is likewise nondischargeable, and the IRS would have been entitled to the setoff had it been aware of the Petition and so moved: the Debtor has suffered no harm as a result of the IRS's actions.

The court finds that the IRS is entitled to setoff, and this matter warrants the retroactive annulment of the stay as of March 21, 2004 so that the IRS's action offsetting the Debtor's 1995 income tax liability against his 2003 income tax overpayment is valid.

This opinion constitutes the court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

## CONCLUSION

For the foregoing reasons, the court will grant the IRS's motion to annul the stay.

income tax refund to satisfy nondischargeable debts, but has failed to address the nondis-

chargeability of his income tax liability under 11 U.S.C. § 523(a)(1).

## ORDER

For the reasons set forth in the Memorandum Opinion of even date, the IRS's motion to annul the stay is granted, effective February 25, 2004.